51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lee Alphonso MOORE, Petitioner-Appellant,
v.
Gary L. HENMAN, Warden, Respondent-Appellee.
 No. 94-3332.
 United States Court of Appeals, Tenth Circuit.
 March 29, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 This appeal is from an order of the district court denying petitioner's petition for habeas corpus pursuant to 28 U.S.C. Sec. 2241. The district court held that petitioner failed to pursue timely administrative appeals and that the petitioner was entitled to no relief on his claims of conspiracy and retaliation by correctional officers. Pro se petitioner appeals on the grounds that the district court erred in failing to consider evidence relating to the merits of prison decisions that allegedly resulted in disciplinary actions. Petitioner also claims on appeal that the district court erred in finding that the prison officials involved did not deny petitioner his due process rights and failed to apply the correct law in examining the issues raised by petitioner. We AFFIRM.
 
 
 2
 Petitioner's allegations in this appeal relate to various disciplinary actions and reports arising from incidents at the United States Penitentiary in Lewisburg, Pennsylvania and at the Federal Correctional Institute in Memphis, Tennessee. Most of these incidents occurred in 1987 and 1988. In October of 1988 petitioner sought habeas corpus relief in United States District Court for the Middle District of Pennsylvania. The petition for habeas corpus was dismissed at that time and the decision was affirmed by the United States Court of Appeals for Third Circuit in March of 1989. That court's decision was based upon petitioner's failure to exhaust administrative remedies. The allegations in this petition are similar or the same as the allegations that were presented to the United States District Court for the Middle District of Pennsylvania and affirmed by the United States Court of Appeals for the Third Circuit. We agree with the district court that petitioner failed to file timely administrative appeals from the disciplinary charges against him in spite of an adequate notice procedure and that he has previously raised all of his claims in federal court. Thus, the district court did not err in refusing to consider petitioner's claims of conspiracy and retaliation where they were repetitive of claims already litigated in federal court. We therefore GRANT in forma pauperis status, GRANT the certificate of probable cause and AFFIRM for substantially the reasons given by the district court.
 
 
 3
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470